IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:12-cv-895 ) |
| IMMIGRATION CENTERS OF AMERICA – FARMVILLE, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW
SUPPORTING THEIR MOTION TO DISMISS**

Defendants, Immigration Centers of America – Farmville, LLC ("ICA"), Mark A. Flowers ("Flowers"), and Jeffrey D. Crawford ("Crawford"), by counsel, respectfully submit their Memorandum of Law Supporting Their Motion to Dismiss:

**INTRODUCTION**

This purported declaratory judgment action involves questions of excess insurance coverage for tort claims against Defendants in a state court case captioned *Snelling v. Immigration Centers of America – Farmville, LLC, et al.*, currently pending in Prince Edward County, Virginia Circuit Court, Case No. CL12-211 (the "*Snelling* case"). As plaintiff Princeton Excess and Surplus Lines Insurance Company ("Princeton") concedes in its complaint, Defendants' maintained underlying primary liability insurance; indeed, Defendants' commercial general liability carrier is providing Defendants with a defense in the *Snelling* case under a reservation of rights. (Compl. ¶¶ 17-19, 23.) Further, Princeton's policy is only for liability in excess of the amounts payable under any underlying insurance available to Defendants—and

only then for excess amounts Defendants "become[] legally obligated to pay . . . ." (Compl. ¶ 16.) Because Defendants' underlying carrier is providing a defense, there is also no issue presented under Princeton's policy regarding a duty to defend.

Accordingly, in its complaint, Princeton has prematurely sought declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. Because there is no present obligation to provide a defense or to indemnify Defendants under Princeton's excess insurance policy, Princeton fails to allege any facts establishing an actual case or controversy between the parties. Further, Princeton's failure to include any of Defendants' other insurers, who are necessary to provide complete relief, is fatal to its claim. In short, unless and until (1) there is a demand on Princeton to pay an excess amount Defendants are legally obligated to pay and (2) Princeton names as defendants all other interested parties, this Court lacks subject-matter jurisdiction under the Declaratory Judgment Act.

## STATEMENT OF PERTINENT ALLEGATIONS AND FACTS

Plaintiff in the *Snelling* case filed a lawsuit against Defendants in the City of Richmond Virginia Circuit Court on July 21, 2012. (Compl. ¶ 7.) The plaintiff subsequently filed a First Amended Complaint and Jury Demand on October 10, 2012, alleging various tort claims against Defendants. (Compl. ¶ 7, 14.) The circuit court sustained Defendants' objection to venue in the City of Richmond, and the case was transferred to Prince Edward County Circuit Court by order dated October 15, 2012. (Oct. 15, 2012 Order attached as Exhibit A.) The parties have exchanged initial discovery, and several preliminary motions are still pending before the Prince Edward Circuit Court. The *Snelling* case is, therefore, in its initial stages, and no trial date has been set.

As established in Princeton's complaint:

- ➢ The subject Princeton policy provides excess liability coverage to ICA with limits of $3,000,000 per occurrence and in aggregate. (Compl. ¶ 15.)

- ➢ The Princeton policy obligates Princeton to pay on behalf of ICA only "sums in excess of the amount payable under the terms of any Underlying Insurance . . . that the insured becomes legally liable to pay as damages . . . ." (Compl. ¶ 16.)

- ➢ The Underlying Insurance identified by the Princeton policy includes a National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") employers' liability policy with a $500,000 limit for each accident, and a Kinsale Insurance Company ("Kinsale") commercial general liability policy with limits of $1,000,000 for each occurrence, subject to a general aggregate limit of $2,000,000 and an assault and battery limit of $250,000. (Compl. ¶¶ 17-19.)

- ➢ Kinsale is providing Defendants with a defense under a reservation of rights. (Compl. ¶ 23.)

- ➢ National Union has declined coverage under its policy. (Compl. ¶ 24.)

Notably, Princeton has failed to allege, and it cannot, that Defendants have made a demand on Princeton for payment of amounts in excess of the underlying policies which Defendants are legally obligated to pay. No such obligation exists. Princeton also failed to name as defendants to this action the underlying insurance carriers, Kinsale and National Union. This is despite the fact that Princeton, Kinsale and National Union have asserted similar, and in some cases, identical coverage issues in their correspondence with Defendants. (*See* Compl., Exs. 6-8.)

## **STANDARD FOR DECISION**

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs motions to dismiss for lack of subject matter jurisdiction. "The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court." *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 294 (D. Md. 2005). "The court should grant the 12(b)(1) motion 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a

3

matter of law.'" *Id*. (quoting *Richmond, F. & P. R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). The court "may consider evidence outside the pleadings to help determine whether it has jurisdiction over the case before it." *Id*. (internal punctuation and citation omitted).

## **ARGUMENT**

**I.      Princeton's Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction.**

In a diversity action, a federal court's exercise of subject matter jurisdiction over a suit for declaratory relief is governed by the federal Declaratory Judgment Act, 28 U.S.C. § 2201, as well as federal procedural and justiciability requirements. *See Erie R. R. Co. v. Tomkins*, 304 U.S. 64 (1938) (federal courts sitting in diversity apply state substantive law and federal procedural law); *Carbide & Carbon Chem. Corp. v. United States Indus. Chem.*, 140 F.2d 47, 50 (4th Cir. 1944) (the federal Declaratory Judgment Act "is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction."); *First Nationwide Mortg. Corp. v. FISI Madison, LLC*, 219 F. Supp. 2d 669, 672 (D. Md. 2002); *see also* 10A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 2756, at 576–78 (2d ed. 1983) (and cases cited therein) ("Federal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction.").

While "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions," *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998) (quoting *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998)), a court should only entertain a declaratory action when doing so "(1) will serve a useful purpose in clarifying and settling the legal relations in issue, *and* (2) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Ind-Com*

4

*Elec. Co.*, 139 F.3d at 423 (emphasis added). The dispute must "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604 (2007) (internal quotation marks and citation omitted). To avoid the possibility of piecemeal litigation, a court should not grant declaratory relief which would not provide a full and final adjudication of rights and liabilities. *Settlers Crossing, LLC v. U.S. Home Corp.*, 383 Fed. Appx. 286, 2010 U.S. App. Lexis 12325 (4th Cir. 2010) (*citing Mitcheson v. Harris,* 955 F.2d 235, 239 (4th Cir. 1992) ("[I]t makes no sense as a matter of judicial economy for a federal court to entertain a declaratory action when the result would be to try a controversy by piecemeal, or to try particular issues without settling the entire controversy" (internal quotation marks and citation omitted))). In this case, there is neither an "actual controversy" ripe for resolution, nor is it possible to settle the entire controversy Princeton has attempted prematurely to raise.

### A. Princeton's Complaint Fails to Establish an Actual Controversy for Which This Court Could Provide Conclusive Relief.

Under the Declaratory Judgment Act, a district court may issue a declaratory judgment only in a case of "actual controversy" in which Article III case-or-controversy requirements are satisfied. *See* 28 U.S.C. § 2201(a) ("In a case of *actual controversy within its jurisdiction*," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration . . . .") (emphasis added); *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 593 (4th Cir. 2004) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)) ("A case meets the actual controversy requirement only if it presents a controversy that qualifies as an actual controversy under Article III of the Constitution."). To establish an actual controversy, a suit must involve "a real and substantial controversy admitting of specific relief

through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Haworth*, 300 U.S. at 241. The Court must consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

Further, to meet the Article III redressability prong in an action for declaratory judgment, a complaint must establish "a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged." *Haworth*, 300 U.S. at 241. *See also Comite De Apoyo a Los Trabajadores Agricolas v. United States Dep't of Labor*, 995 F.2d 510, 513 (4th Cir. 1993) (To meet the Article III redressability prong in an action for declaratory judgment, "plaintiffs must identify some further concrete relief that will likely result from the declaratory judgment."). A declaratory judgment in this case would afford no such relief.

Here, Princeton has failed to allege an actual, immediate, and substantial controversy between the parties for which the Court could provide conclusive resolution. Defendants have not made a demand for payment under the Princeton policy because they have no legal obligation to pay liability damages in excess of their underlying insurance. Thus, the facts necessary to resolve Princeton's asserted dispute are still hypothetical. In the present posture of this alleged coverage dispute, the Court could only issue an advisory opinion, which is not sufficient to establish jurisdiction under the Declaratory Judgment Act. Additionally, Princeton

cannot base its suit on an alleged duty to defend issue, as Princeton has no present obligation to defend Defendants.[1] Quite simply, Princeton's suit is, at best, premature.

### B. Princeton Has Failed to Name Indispensable Parties to Its Suit, Rendering it Impossible for the Court to Provide Complete Relief.

In this case, the Court cannot afford complete relief because Princeton failed to include the underlying insurers who have coverage obligations for the subject claim and who have asserted similar, and in some cases identical, coverage issues. *Cf. Schlumberger Indus. v. National Sur. Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994) (citing *Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assur. Co.*, 417 F.2d 1113 (7th Cir. 1969)) ("[W]here multiple insurers cover the insured's same liability for the same time period, all the insurers are indispensable parties to an adjudication as to coverage.").

These insurers are interconnected not only to the extent that the underlying insurer's policy limits must be exhausted to trigger Princeton's excess coverage, but also because Princeton's liability is determined, in part, based on the availability of coverage under the terms of the underlying policies. (Compl. ¶ 16 (Princeton's policy only provides coverage for "sums in excess of the amount ***payable under the terms of any Underlying Insurance*** . . . ." (emphasis added).) Thus, Princeton's potential liability is contingent on the underlying insurance providing coverage in the first place—an issue this Court cannot adjudicate in the underlying carriers' absence. Because Princeton chose not to include any of the other insurers in this suit, with the result that none of the absent insurers would be bound by a subsequent judgment, any relief ordered would be purely theoretical.

---

[1] Thus, cases such as *American Casualty Co. v. Howard*, 173 F.2d 924 (4th Cir. 1949) (finding a substantial controversy where insurance company sought a declaratory judgment concerning its duty to defend), are distinguishable.

Moreover, a court should not grant declaratory relief only to settle "particular issues without settling [an] entire controversy," as that leads to wasteful piecemeal litigation. *Allied-General Nuclear Svcs. v. Commonwealth Edison Co.*, 675 F.2d 610, 611 (4th Cir. 1982). Princeton's present suit constitutes precisely such wasteful piecemeal litigation. To adjudicate Princeton's obligations under its policy, the Court must interpret the policies of all the absent underlying insurers. Therefore, these non-party insurers' rights and obligations could be dictated by this Court's interpretation of the terms in their policies. A declaratory judgment here would do little to clarify the legal relations at issue because, as discussed above, most of the legal relations are not before the Court. A declaration would not afford relief from uncertainty because it would not bind *any* of the other insurers whose coverage partially determines Princeton's obligations.

It is worth noting that Princeton would fare no better in state court. In *Erie Ins. Group v. Hughes*, 240 Va. 165, 170 (Va. 1990), the Virginia Supreme Court recognized that the purpose of a declaratory judgment is "to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights," and concluded "[c]ourts cannot afford such 'relief' when they lack the power to bind all parties to the controversy," *id.* (vacating the judgment below and dismissing the motion for declaratory judgment for lack of jurisdiction on that basis). The state court in *Erie* further asserted, "Actions or opinions are denominated 'advisory' . . . where, by reason of inadequacy of parties defendant, the judgment could not be sufficiently conclusive." *Id*.

In its rush to the courthouse, Princeton invites this Court to issue an advisory opinion disguised as a declaratory judgment. The Court should decline.

## CONCLUSION

Accordingly, because the Court lacks subject matter jurisdiction over this case, the Court should dismiss the complaint.

Dated: February 11, 2013

Respectfully submitted,

IMMIGRATION CENTERS OF AMERICA – FARMVILLE, LLC, MARK A. FLOWERS, AND JEFFREY D. CRAWFORD,

By: _____/s/_____
Calvin W. Fowler, Jr. (VSB No. 27982)
W. Benjamin Pace (VSB No. 48633)
WILLIAMS MULLEN
200 South 10th Street
P. O. Box 1320
Richmond, Virginia 23218-1320
804.420.6932
804.420.6507 (fax)
wfowler@williamsmullen.com
wpace@williamsmullen.com

**CERTIFICATE**

I hereby acknowledge that on this 11th day of February, 2013, I caused a copy of the foregoing Memorandum of Law Supporting Defendants' Motion to Dismiss to be filed with the Electronic Case Filing system of the Eastern District of Virginia, which will provide electronic notice to the following parties and to be mailed, postage prepaid to:

> James N. Markels
> Jackson & Campbell, P.C.
> One Lafayette Centre, South Tower
> 1120 20th Street, N.W.
> Washington, DC 20036
> 202-457-1600
> Fax: 202-457-1678
> Email: jmarkels@jackscamp.com
> *Counsel for Plaintiff*

> /s/
> Calvin W. Fowler, Jr. (VSB No. 27982)
> W. Benjamin Pace (VSB No. 48633)
> WILLIAMS MULLEN
> 200 South 10th Street
> P. O. Box 1320
> Richmond, Virginia 23218-1320
> 804.420.6932
> 804.420.6507 (fax)
> wfowler@williamsmullen.com
> wpace@williamsmullen.com

20539983_1